**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

TYRESE SMITH,

　　　　Defendant - Appellant.

No. 07-4231
(D. Utah)
(D.C. Nos. 2:06-CV-873-TC and
2:02-CR-289-TC)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

　　　The matter is before this court on Appellant Tyrese Sharod Smith's request for a certificate of appealability ("COA"). Smith seeks a COA so he can appeal the district court's denial of the motion he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(b) (providing a petitioner may not appeal the denial of a § 2255 motion unless he first obtains a COA). Because Smith has not made "a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** the appeal. *See id*. § 2253(c)(2).

　　　Following a jury trial, Smith was convicted of RICO and firearm offenses. On direct appeal, Smith raised numerous challenges to his convictions, most of which involved claims the evidence was insufficient to support his convictions.

This court rejected Smith's arguments, including those raised in his pro se supplemental brief, and affirmed his convictions. *See United States v. Smith*, 413 F.3d 1253 (10th Cir. 2005). Smith then filed the instant § 2255 motion, raising four claims of ineffective assistance of counsel based on allegations his trial attorney (1) failed to investigate and subpoena witnesses, (2) refused to permit him to testify at the trial, (3) failed to contest the interstate commerce element of the crimes, and (4) failed to challenge statements made by the prosecution during closing argument. The district court denied the § 2255 motion.

Smith is now before this court seeking a COA only on the claim that his counsel was ineffective by denying him the right to testify at trial. The district court held an evidentiary hearing on this issue, basing its decision on a finding that the record did not support Smith's assertion his counsel denied him the right to testify. Thus, Smith was not entitled to habeas relief because he failed to show his counsel's performance fell below an objective standard of reasonableness. The court also concluded Smith failed to carry his burden of establishing he was prejudiced by his failure to testify. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

This court cannot grant Smith a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Smith has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Smith is not required to demonstrate his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Smith's appellate brief, the district court's memorandum and order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*. In his pro se § 2255 motion, Smith argued his counsel "coerced" him into giving up his right to testify. The district court's findings were responsive to this argument. In his counseled appellate brief, Smith presents a somewhat nuanced argument that his counsel's performance was deficient because she failed to inform him that he had a constitutional right to testify at trial. Regardless of whether this specific argument is preserved, it is clear that Smith failed to meet his burden of showing he was prejudiced by the failure to testify. *See Lucero v. Kerby*, 133 F.3d 1299, 1323 (10th Cir. 1998) ("If we determine petitioner has failed to prove prejudice, we need not determine whether counsel's performance was constitutionally deficient."). Thus, the district court's resolution of Smith's claims is not reasonably subject to debate and the claims are not adequate to deserve further

-3-

proceedings.  Accordingly, Smith has not "made a substantial showing of the denial of a constitutional right" and he is not entitled to a COA.  28 U.S.C. § 2253(c)(2).  This court **denies** his request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk